**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 2:15-cr-208 |
| Plaintiff, | : | JUDGE GEORGE C. SMITH |
| *v.* | : | |
| MARK W. WOLFE, | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR DISCOVERY AND DISCLOSURE OF EXCULPATORY EVIDENCE

Pursuant to Fed. R. Crim. P. 16, and the Fifth and Sixth Amendments to the United States Constitution, Defendant, Mark W. Wolfe, by and through counsel, requests this Court to order the United States of America to produce the below-listed discoverable materials:

1.      Any written or recorded statements made by Defendant, or copies thereof, within the possession, custody, or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States; the substance of any oral statement which the United States intends to offer in evidence at the trial made by Defendant, whether before or after arrest, in response to interrogation by any person then known to Defendant to be an agent for the United States; and recorded testimony of Defendant before a grand jury which relates to each offense charged.

1-A.     In addition to the above, Defendant also requests production of any written, recorded, or oral statement by Defendant

to third persons, not agents for the United States, which is within the possession, custody, or control of the United States or by the exercise of due diligence may become known to the attorney for the United States.  The above requests for Defendant's statements include recorded and/or monitored statements of Defendant that were obtained as a result of electronic monitoring and/or recording devices, including but not limited to the following methods: telephone wiretapping done pursuant to authorization from either a state or federal court; telephone wiretapping done without court approval; wired informer(s), and/or wired law enforcement officer(s), and/or agents of law enforcement officer(s); surreptitious monitoring and/or recording by electronic equipment utilized at either federal, state, or local law enforcement offices.

2.      Any written, recorded, or oral statements made by co-defendants or co-conspirators to law enforcement officers and/or third parties which are within the possession, custody, or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States.

3.      A copy of Defendant's prior criminal record, if any, which is within the possession, custody, or control of the United States, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the United States.

4.      All books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, for Defendant's

inspection and copying, which are within the possession, custody or control of the United States, and which are material to the preparation of the defense, or are intended for use by the United States as evidence at trial, or were obtained from or belong to Defendant.

        4-A.   Specifically, Defendant requests the production of all photographs used by law enforcement officers for the purpose of obtaining an identification of Defendant. This request includes individual photographs and/or photographic arrays used by law enforcement officers during the investigation of this case.

        4-B.   Defendant also requests, pursuant to Fed. R. Crim. P. 16(a)(1)(B), the production of any written or recorded statements made by co-defendants or co-conspirators, or written summaries of any oral statements by co-defendants or co-conspirators, which are within the possession, custody or control of the United States and are material to the preparation of the defense.

        5.   For purposes of inspection and copying or photographing, Defendant requests the results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States and which are material to the preparation of the defense or are intended for use by the United States as evidence at trial. Defendant requests that the reports or results include a written description of the methods of testing utilized in obtaining any and

all results, and should include but not be limited to examinations and scientific tests pertaining to the following enumerated matters:

  5-A. Polygraph examinations conducted upon potential Government witnesses, giving the date, time, place and identity of the person examined and the examiner, along with the results thereof.

  5-B. The existence of latent fingerprints, procedures utilized in obtaining latent lifts, and conclusions reached concerning identity of individuals based upon this investigation.

  5-C. Tests and procedures utilized in determining identity and quality of any suspected or alleged contraband substance, including drugs or narcotics, scheduled or unscheduled.

  5-D. Results and procedures utilized in any analysis pertaining to handwriting identification.

  5-E. Results and procedures utilized in any analysis pertaining to voice identification.

6. A written summary of the expert witness testimony describing the witnesses' qualifications, the witnesses' opinions, and the bases and reasons for their opinions.  This summary should include all bases of the experts' opinions including any written or oral reports, tests, investigations, and opinions of other experts.

7. The disclosure and production to counsel for Defendant of any and all evidence known, or which may become known to the United States Attorney, favorable to Defendant and material to either guilt or punishment

pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). In light of the particularity requirement of U*nited States v. Agurs*, 427 U.S. 97 (1976), Defendant's specific request for favorable information includes impeachment matters affecting the Government's witnesses, including but not limited to the following:

> 7-A. Prior felony and misdemeanor convictions and/or juvenile adjudications for all witnesses expected to be called by the Government.

> 7-B. Specific incidents of misconduct, i.e., "bad acts," by all witnesses expected to be called by the United States, whether or not such conduct resulted in a criminal conviction.

> 7-C. Disclosure by the United States of any and all consideration it has held out to a witness to encourage that witness's cooperation with the United States. This request includes, but is not limited to: grants or promises of immunity; confirmed or tentative plea bargaining; monetary compensation; assistance in avoiding prosecution in other jurisdictions; omission from being named in an indictment or as an unindicted co-conspirator; any other consideration, regardless of the nature, granted or promised, which contemplates lenience or preferential treatment in exchange for cooperation with the United States.

> 7-D. The existence of pending criminal charges, either felony, misdemeanor or juvenile, as well as parole or probation status of any and all witnesses the United States expects to call.

7-E.    The disclosure of the utilization of any line-up or show-up procedures or photographic arrays conducted in the investigation of the case; and the time, date, place, and all participants in these proceedings, as well as the particular law enforcement agency conducting same.

7-F.    The results of any line-up, show-up, or photographic identification proceedings as conducted by law enforcement agencies, as well as all descriptions given by witnesses regarding the identification of Defendant or any other alleged perpetrators.

7-G.    Statements or summaries of statements from witnesses for the United States and individuals the United States does not intend to call as witnesses, obtained by law enforcement agencies, which include references to the Defendant's lack of involvement concerning the commission of the alleged offense.

7-H.    The disclosure of the psychiatric background of all witnesses the United States expects to call at trial.

7-I.    Any and all information tending to or likely to lead to information which would impeach the competency, capacity, or opportunity to observe, remember, recall or narrate of any witness intended to be called to testify by the United States.  Defendant seeks disclosure of any and all information tending to or likely to lead to information tending to impeach the character of any witness intended to be called by the United States for veracity, partiality, prejudice, bias, motive, interest or corruptions.

7-J.    Defendant also requests the Court to order that all witnesses for the United States be required to maintain notes from interviews conducted during the course of this investigation in order to determine the existence of exculpatory matters that may be subject to production under the mandate of *Brady v. Maryland*, 373 U.S. 83 (1963).

7-K.    Psychiatric or psychological reports concerning Defendant's sanity.

7-L.    Specific evidence which detracts from the credibility or probative value of testimony or evidence used by the United States.

7-M.    The personnel file of all witnesses for the United States, and identity of any files concerning the said witnesses.

8.    Names of all individuals the Government intends to call as witnesses at trial.

9.    Names and statements of witnesses whom the Government does not intend to call at trial.

10.    Names of informants—including but not limited to confidential informants—who participated with law enforcement agencies during the investigation of this case.

11.    Pre-trial production and disclosure by the United States of Jencks Act material.

11-A.    Defendant also requests the United States to require law enforcement officers to preserve all witness statements that can

reasonably fall within the ambit of Jencks Act material as set forth in 18 U.S.C. § 3500.

11-B.   Defendant requests the United States to require all of its witnesses, including law enforcement officers, to preserve as potential Jencks Act material all notes taken during interviews with potential witnesses for the United States.

12.    Defendant requests the United States to provide a detailed inventory of all items or things seized by law enforcement officers or their agents from the possession or control of Defendant or from a place where Defendant has a reasonable and legitimate expectation of privacy, with or without Defendant's consent or knowledge, or pursuant to a search warrant or incident to Defendant's arrest.

Respectfully Submitted,

Dated:  October 2, 2015

_____/s/    JEFFREY T. STAVROFF_____
**Jeffrey T. Stavroff** (Ohio S.Ct. No. 0087715)
The Koffel Law Firm
1801 Watermark Drive, Ste 350
Columbus, Ohio 43215
Phone: 614-884-1100
Fax: 614-884-4792
e-mail: jeff@koffellaw.com
*ATTORNEY TO BE NOTICED*

_____/s/     TOD BRININGER_____
**Tod Brininger** (Ohio S.Ct. No. 0069884)
The Koffel Law Firm
1801 Watermark Drive, Ste 350
Columbus, Ohio 43215
Phone: 614-884-1100
Fax: 614-884-4792
e-mail: tod@koffellaw.com

COUNSELS FOR DEFENDANT MARK W. WOLFE

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this document was served upon **Heather A. Hill**, Assistant United States Attorney for the United States of America, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215, heather.hill@usdoj.gov, via the PACER Case Management/Electronic Case Files (CM/ECF) System, on the 2nd day of October, 2015.

Dated: October 2, 2015          /s/    JEFFREY T. STAVROFF
                                     **Jeffrey T. Stavroff** (Ohio S.Ct. No. 0087715)
                                     *ATTORNEY TO BE NOTICED*