UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**MARK W. WOLFE,**

        **Defendant.**

Case No. 2:15-cr-208
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

The matters before the Court are the Defendant Mark W. Wolfe's ("Defendant") Motion for Compassionate Release (ECF No. 58), and the Defendant's Amended Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 66), as well as the Defendant's Motion to Appoint Counsel (ECF No. 59). The Government has responded in opposition (ECF No. 60). For the following reasons, the Motion to Appoint Counsel (ECF No. 59) is **GRANTED** and the motions for compassionate release (ECF Nos. 58, 66) are **DENIED**.

### I.

The Court will begin by addressing the Motion to Appoint Counsel. On April 30, 2020, Defendant filed a motion asking the Court to appoint him counsel (*See* ECF No. 59). The Court granted that motion, and on May 12, 2020, Attorney Diane M. Menashe entered an appearance on behalf of Defendant. (*See* ECF No. 61). The Court hereby memorializes that action and **GRANTS** the Defendant's Motion to Appoint Counsel.  (ECF No. 59).

### II.

The Defendant is a former deputy sheriff who, on March 10, 2016, pled guilty to one count of distribution of visual depictions of child pornography in interstate commerce in violation of 18

U.S.C. § 2252(a)(2) (*See* ECF No. 36). On January 9, 2017, the Court sentenced the Defendant to 180 months' imprisonment and 20 years of supervised release (*See* ECF No. 53). The Defendant, who is now 54 years old, has served approximately 61 months' imprisonment and is scheduled to be released on May 20, 2028.

Based on the recent outbreak of the Coronavirus Disease ("COVID-19"), the Defendant filed *pro se*, his Motion for Compassionate Release. (ECF No. 58). The Defendant also moved for appointment of counsel for the limited purpose of representing him in his request for compassionate release (ECF No. 59), which this Court granted. On May 4, 2020, the Government filed its Opposition to the Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 60). On May 20, 2020, after appointment of counsel, the Defendant filed a Reply Memorandum in support of the Defendant's Motion for Compassionate Release and in response to the Government's objection. (ECF No. 62).

On September 9, 2020, counsel was again appointed, on a limited basis, to litigate the Defendant's argument that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of defendant's facility, whichever is earlier" as required under 18 U.S.C. § 3582(c)(1)(A).

On September 16, 2020, Defense counsel contacted assigned Assistant United States Attorney ("AUSA") Heather Hill regarding the issue of administrative exhaustion. In turn, AUSA Hill contacted the BOP to inquire as to what efforts Wolfe had made towards exhausting his remedies within the prison where he is currently housed. AUSA Hill shared with undersigned counsel the following two documents: The Defendant's May 6, 2020 Reduction in Sentence Request ("RIS") to the BOP requesting that he "be released for compassionate release" (ECF No.

66, Ex. A), and Warden Easter's May 11, 2020 response denying the Defendant's RIS. (ECF No. 66, Ex. B).

Defense counsel has now filed an Amended Motion for Compassionate Release (ECF No. 66), asking the Court to rule on the original Motion for Compassionate Relief minus the exhaustion issue. The Government agrees this is the appropriate course and is standing on its previous opposition memorandum (ECF No. 60) filed in response to the Defendant's Motion for Compassionate Release (ECF No. 58).

## II.

Since 1984, when Congress passed the Sentencing Reform Act, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under limited circumstances. *See* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id*.

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute now provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### III.

The Defendant moves the Court for a compassionate release, arguing that such a release is justified by extraordinary and compelling reasons (ECF No. 58, at 1). Specifically, the Defendant contends that in light of the COVID-19 pandemic, his age and medical conditions (hypertension, sleep apnea, and asthma), combined with the conditions of his confinement, justify his release. (*Id.* at 5–7). In response, the Government opposes the Defendant's request because, among other reasons, the Defendant has not demonstrated he is eligible for release under § 3582(c)(1)(A) and the United States Sentencing Guidelines § 1B1.13 (*See* Resp. United States Opp'n Def.'s Mot. Red. Sent., ECF No. 60). The Government's argument is well taken.

18 U.S.C. § 3582(c)(1)(A) gives the sentencing court discretion to reduce an imposed sentence. The Court must find that there are "extraordinary and compelling reasons" that warrant the Defendant's sentence reduction, "after considering the factors set forth in section 3553(a)[.]" 18 U.S.C. § 3582(c)(1)(A). The reduction must also be consistent with the Sentencing Commission's applicable policy statements. *Id.* The factors listed in 18 U.S.C. § 3553(a) include, among others, the need for the sentence to "reflect the seriousness of the offense," and the need to "protect the public" from further crimes by the defendant. 18 U.S.C. § 3553(a)(2)(A), (C).

Assuming *arguendo* that the Defendant is at heightened risk from COVID-19, that risk is greatly outweighed by the need for the sentence to reflect the seriousness of this offense and the need to protect the public. Pursuant to a plea agreement, the Defendant pleaded guilty to one count of distribution of visual depictions of child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(2) (*See* ECF No. 36). This conduct, which spanned at least a decade, included

the distribution of images and videos of children—some of whom were less than a year old—being sexually abused. Moreover, the Defendant was a law enforcement officer, sworn to protect his community, yet preying upon its most vulnerable members.

Releasing the Defendant now would result in a sentence far below that which is necessary to reflect the seriousness of this crime. The Defendant has served only 61 months of his 180-month sentence to incarceration. That sentence was based in large part upon the seriousness of the offense, and the seriousness of the offense has not changed.

Furthermore, the Court is not convinced that the Defendant no longer poses a danger to the public. While the Defendant points to his law enforcement background as evidence that he is not dangerous, the Government correctly states that this is more of an exacerbating factor than a mitigating one. The Defendant's egregious prior breach of the public trust cautions strongly against trusting the Defendant once more. And trust is particularly important here because with the proliferation of the internet and internet-capable devices the distribution of child pornography has become increasingly difficult and costly for probation officers to monitor.

The Court concludes that the Defendant has not met his burden under § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, because the sentencing factors weigh overwhelmingly against his release.

**IV.**

For the reasons stated above, the Defendant's the Motion to Appoint Counsel (ECF No. 59) is **GRANTED**, while the Motion for Compassionate Release and Amended Motion for Compassionate Release (ECF Nos. 58, 66) are **DENIED**.

**IT IS SO ORDERED.**

**12/1/2020**                                             s/Edmund A. Sargus, Jr.
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**